IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

NATASHA HAYES and           )
JOSEPH A. HAYES,            )
                            )
            Plaintiffs,     )
                            )
vs.                         )        Case No. 10-0787-CV-W-ODS
                            )
RAD TRANSPORT, INC., et al.,)
                            )
            Defendants.     )


<u>ORDER AND OPINION GRANTING PLAINTIFFS' MOTIONS TO REMAND</u>

        Pending are two motions to remand, the second of which simply incorporates the
first.  The Court concludes the diversity-destroying defendant was not fraudulently
joined, and the motions (Doc. # 5 and Doc. # 18) are granted.  The case is remanded to
the Circuit Court of Jackson County, Missouri.


I.  BACKGROUND


        This case arises from an auto accident.  In the Petition filed in state court,
Plaintiffs allege Robert McKinney was traveling westbound on Interstate 70 "and
suddenly stopped his vehicle on the roadway, causing a chain of vehicles to slow and
stop behind him in the left-hand lane."  Petition, ¶ 13.  Plaintiff Joseph Hayes was
driving behind McKinney and was able to stop his tractor-trailer,[1] but the vehicles behind
Hayes were unable to do so.  Petition, ¶¶ 15-18.  Plaintiffs have brought suit against
McKinney and the drivers who collided with the tractor-trailer.  McKinney is a citizen of
Missouri.  Petition, ¶ 7.

---

        [1]Co-Plaintiff Natasha Hayes – Joseph's wife – was a passenger in the tractor-
trailer.

## II. DISCUSSION

Generally speaking, a case can be removed to federal court only if the case could have been filed in federal court originally. 28 U.S.C. § 1441(a). However, the case is removable when federal jurisdiction is premised on diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. § 1441(b). This is not merely a procedural requirement, but is a jurisdictional issue. Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005), cert. denied, 549 U.S. 813 (2006).

The citizenship of a fraudulently joined party is not considered, either for purposes of determining whether diversity of citizenship exists or for determining whether the forum-defendant rule has been violated. In order to have jurisdiction, the Court must conclude that McKinney was fraudulently joined. Conversely, if McKinney was not fraudulently joined, the case must be remanded. The Eighth Circuit has recently articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810. In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in

the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original).

Defendants invite the Court to engage in a searching inquiry of the facts, determine what happened, and conclude that on those facts Plaintiffs have no claim against McKinney.  They also invite the Court to interpret issues of state law.  Both invitations ask the Court to do more than is permitted under this inquiry.  The Court is not to resolve factual issues, and the Court should not resolve issues of law.  While the "common thread" in fraudulent joinder cases is "reason," see Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006), the Plaintiff need not demonstrate that they are likely to prevail.  Such a standard is inconsistent with the notion with the admonition that the federal court refrain from resolving disputed issues when conducting this inquiry.  "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Filla, 336 F.3d at 810 (emphasis added).  The Court's task is to determine whether the claim clearly lacks any basis – that is, if it is barred as a matter of law or if it based on facts that clearly provide no basis for liability.  Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406).

Starting first with the legal issues, Missouri law prohibits a motor vehicle driver from "stop[ping] or suddenly decreas[ing] the speed of . . . a vehicle . . . unless and until such movement can be made with reasonable safety and then only with an appropriate signal . . . ." Mo. Rev. Stat. § 340.019.1.  While not all sudden stops are negligent, a sudden stop can be negligent depending on the attendant circumstances. E.g., Ratliff v. Schiber Truck Co., 150 F.3d 949, 954 (8th Cir. 1998) (applying Missouri law); Kasper v. Welhoff, 298 S.W.3d 59, 63-64 (Mo. Ct. App. 2009);  Matthews v. Mound City Cab Co., 205 S.W.2d 243 (Mo. Ct. App. 1947).  The Court cannot conclude the claim is prohibited as a matter of law.

A review of the facts also fails to conclusively demonstrate Plaintiffs have no claim against McKinney. As stated the law in Missouri is that some sudden stops are negligent and others are not: the decision is made by the finder of fact. Before attempting to make factual findings, the Court must first have jurisdiction – but the Court does not have jurisdiction unless certain factual findings can be made. Thus, the Court cannot examine the probative value of the Missouri Highway Accident Report, weigh competing arguments, or otherwise attempt to recreate the circumstances giving rise to this accident. If the facts might support the theory, then that is sufficient.

## III. CONCLUSION

The Court holds that under the facts alleged and the governing law, a Missouri court *might* apportion some amount of liability to McKinney. This determination leads to the conclusion that McKinney has not been fraudulently joined. The case is remanded to state court.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 23, 2010          UNITED STATES DISTRICT COURT